**FILED**
**United States Court of Appeals**
**Tenth Circuit**

## UNITED STATES COURT OF APPEALS

### FOR THE TENTH CIRCUIT

**January 16, 2026**

**Christopher M. Wolpert**
**Clerk of Court**

_____

LINH TRAN STEPHENS,

    Plaintiff - Appellant,

v.

CHILD SUPPORT SERVICES OF
OKLAHOMA DEPARTMENT OF
HUMAN SERVICES; CHARLES
SCHWAB & CO., INC.; CIERRA
FREEMAN, individually and in her official
capacity as court-appointed attorney for
child-support enforcement; MARY
JOHNMEYER, individually and in her
official capacity as legal counsel of Charles
Schwab & Co., Inc.; RENEE BANKS,
individually and in her official capacity as
Director of Child Support Services of
Oklahoma Department of Human Services;
JASON HOENSHELL, individually and in
his official capacity as Oklahoma FIDM
Coordinator; EMMALENE STRINGER,
individually and in her official capacity as
attorney for Child Support Services of
Oklahoma Department of Human Services,

    Defendants - Appellees,

and

JOHN DOES 1-10, employees of Child
Support Services of Oklahoma Department
of Human Services; JOHN DOES 11-20,
employees of Charles Schwab & Co., Inc.,

    Defendants.

No. 25-5063
(D.C. No. 4:24-CV-00216-JDR-CDL)
(N.D. Okla.)

_____

## ORDER AND JUDGMENT[*]

_____

Before **CARSON**, **BALDOCK**, and **KELLY**, Circuit Judges.

_____

After an Oklahoma court ordered Linh Tran Stephens to pay more than $60,000 in past-due child support, Oklahoma Child Support Services (CSS) levied a retirement account she held with Charles Schwab & Company (Schwab), and Schwab sold investments in the account to satisfy the levy. Ms. Stephens then filed this pro se lawsuit alleging the actions of CSS, Schwab, several of their employees, and a court-appointed attorney had violated her constitutional rights and been unlawful in multiple ways, including under the Racketeering Influenced and Corrupt Organizations Act (RICO), the Fair Debt Collection Act (FDCA), the Employee Retirement Income Security Act (ERISA), federal criminal statutes, and tort law.

The district court granted defendants' motions to dismiss, ruling: (1) Eleventh Amendment immunity bars Ms. Stephens's claims against CSS and her claims for damages against CSS employees in their official capacities; (2) *Younger* abstention requires dismissal of her claims for injunctive and declaratory relief because they

_____

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

seek to interfere in ongoing proceedings that involve orders "uniquely in furtherance of the Oklahoma courts' ability to perform their judicial function," R., vol. 2 at 235 (brackets omitted) (quoting *Travelers Cas. Ins. Co. of Am v. A-Quality Auto Sales, Inc.*, 98 F.4th 1307, 1317 (10th Cir. 2024))[1]; and (3) her complaint failed to state a claim on which relief could be granted against Schwab or any individual. The court denied Ms. Stephens's several pending motions as moot and entered judgment.

We have jurisdiction under 28 U.S.C. 1291. We review the dismissal of Ms. Stephens's claims de novo. *See Free Speech Coal., Inc. v. Anderson*, 119 F.4th 732, 735 (10th Cir. 2024) (Eleventh Amendment immunity); *Graff v. Aberdeen Enterprizes, II, Inc.*, 65 F.4th 500, 524 (10th Cir. 2023) (*Younger* abstention); *Timmins v. Plotkin*, 157 F.4th 1275, 1280 (10th Cir. 2025) (failure to state a claim).

We construe Ms. Stephens's pro se filings liberally. *See Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005). But we do not act as her advocate and therefore will not search the record, conduct research, or construct arguments for her. *See id.* at 840–41. Ms. Stephens's "first task" as the appellant is "to explain to us why the district court's decision was wrong." *Nixon v. City & Cnty. of Denver*, 784 F.3d 1364, 1366 (10th Cir. 2015). "[A] tale of apparent injustice may assist in that task, but it cannot substitute for legal argument." *Id.*

---

[1] Under *Younger v. Harris*, 401 U.S. 37 (1971), "a federal court must abstain from deciding a case otherwise within the scope of its jurisdiction in certain instances in which the prospect of undue interference with state proceedings counsels against federal relief." *Graff v. Aberdeen Enterprizes, II, Inc.*, 65 F.4th 500, 522 (10th Cir. 2023) (internal quotation marks omitted).

Ms. Stephens has not shown any reversible error in the district court's rulings. Her opening brief lists seventeen issues for review. But several of those do not relate to the reasons her claims were dismissed. The remainder are presented in too conclusory a fashion to show how she believes the district court erred. Moreover, her opening brief never addresses *Younger* abstention or Eleventh Amendment immunity. By not doing so, Ms. Stephens has waived her opportunity to appeal the district court's application of those doctrines. *See Burke v. Pitts*, 157 F.4th 1326, 1342–43 (10th Cir. 2025) (stating we will not consider issues that are not adequately presented in an opening brief or are raised for the first time in a reply). Beyond that, even construing her opening brief as contesting the conclusion that her complaint did not plausibly state any claim against Schwab or any individual defendant, we see no reason to reverse that ruling.

Accordingly, having reviewed the briefs, the record, and the relevant authorities, we affirm the dismissal of Ms. Stephens's claims for substantially the same reasons stated by the district court. We therefore also affirm the district court's denial of her motions for an emergency injunction and other relief. We deny as moot Ms. Stephens's motion for a stay or injunction pending appeal and we deny her motions to disqualify and sanction opposing counsel and for judicial notice.

Entered for the Court

Paul J. Kelly, Jr.
Circuit Judge

4